# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATRALITE FILTERS, INC.,** *et al* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **REXEL, INC.** | : | NO. 09-2680 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                           April 23, 2010

Plaintiffs, NatraLite Filters, Inc. and LTL Color Compounders, Inc., brought this action alleging that the defendants sold counterfeit florescent light filters bearing the NATRALITE trademark that failed after they were installed in a hotel in Alabama, causing harm to the brand's reputation and economic harm to the plaintiffs. NatraLite Filters, Inc. manufactures the filters pursuant to a license from Photoprotective Technologies, Incorporated ("PTI"), the owner of the patent covering the filters. LTL Color Compounders, Inc. supplies a key component of the filters, melanin, which it purchases from PTI.

Three weeks after PTI filed its own action in the Western District of Texas for damages arising out of the same transaction and asserting identical claims, the defendants filed a motion here to join PTI as an indispensable party in this action pursuant to Fed. R. Civ. P. 19(b). In response, plaintiffs have moved to voluntarily dismiss this action pursuant to Rule 41(a)(2) so they can join the Texas action. The defendants oppose dismissal because it would cause it prejudice.

### Discussion

In the absence of "plain legal prejudice," a dismissal without prejudice under Rule 41(a)(2) should be granted. *United States v. Eighteen Various Firearms*, 148 F.R.D. 530,

531 (E.D. Pa. 1993). Indeed, the reason for requiring court approval is to avoid an unfair or unjust impact on the defendant. *In re Paoli R.R. Yard PCB Litigation*, 916 F. 2d 829, 863 (3d Cir. 1990) (Rule 41 motions should be allowed unless the defendant suffers prejudice); *Total Containment, Inc. v. Aveda Mfg. Corp.*, 1990 WL 290146 *2 (E.D. Pa. Dec. 10, 1990) ("[t]he general purpose of voluntary dismissal under Rule 41(a)(2) is to permit the plaintiff to take a voluntary nonsuit and start over so long as the defendant is not prejudiced").

In exercising its discretion in ruling on a motion for voluntary dismissal, a court may consider: (1) the defendant's expense in preparing for trial; (2) the plaintiff's lack of diligence; (3) the plaintiff's reason for moving for dismissal; (4) whether a motion for summary judgment is pending; and (5) the excessive and duplicitous expense of defending a second action. *Thomas v. Amerada Hess Corp.*, 393 F. Supp. 58, 70 (E.D. Pa. 1975). Whether voluntary dismissal should be granted depends upon the facts and circumstances of the case. *Miller v. Trans World Airlines, Inc.*, 103 F. R. D. 20, 21 (E.D. Pa. 1984).

The likelihood of a second lawsuit does not constitute prejudice. *In re Paoli*, 916 F. 2d at 863. Nor will a tactical advantage be a sufficient basis for denying the motion. *Campus Dimensions, Inc. v. On-Campus Marketing Concepts, Inc.*, No. 94-649, 1994 WL 470188 *2 (E.D. Pa. 1994).

Allowing the plaintiffs to voluntarily dismiss this action for the purpose of joining in the Texas action brought by the patent owner will not cause substantial prejudice to the defendants and will insure that the interests of all parties to the dispute will be protected. In fact, in moving to join the patent owner, the defendants acknowledged that "one

consolidated action in a forum . . . makes sense." Defts' Memo., p. 11. We agree. The defendants in this case are the same defendants in the Texas case. Although discovery has been completed in this case, it will not be wasted because it can be used in the Texas litigation. If the plaintiff in the Texas action, the patent owner, were joined in this action, it would be entitled to reopen discovery, not having participated in the earlier discovery.

In their memorandum of law in support of their joinder motion, the defendants make a strong argument why the case should be litigated in Texas. The defendants want PTI in this case. They argue that if PTI cannot be joined because it is not subject to personal jurisdiction, the case should be dismissed "so that all of the parties and all of the claims can proceed in one consolidated action in a forum that makes sense. A consolidated case with all parties present could proceed in Texas, among other forums. Pennsylvania has no nexus to this lawsuit." Defts' Memo., pp.10-11. They point out that both defendants are located in Texas and PTI is a Texas corporation with its principal place of business in Texas. The alleged counterfeit filters were sold in Alabama.

Given this argument, the defendants can hardly complain that they would be prejudiced by dismissal. In fact, at oral argument, they were unable to articulate any prejudice other than the cost of discovery that has been conducted thus far. Again, we observe that that effort would not be for naught.

The defendants also argue that voluntary dismissal comes too late with trial scheduled in less than a few weeks. If the defendants are permitted to join the patent owner, trial would necessarily have to be continued so that the patent owner could reopen discovery, review existing discovery materials and prepare for trial. Therefore, trial in this district would not proceed as scheduled.

3

Given the defendants' acknowledgment that Pennsylvania has no real connection to the issues and the parties in the case, and the probability that there is no personal jurisdiction over the patent owner, it would be unfair to grant the motion for joinder. If after joinder the action were dismissed for lack of jurisdiction over the patent owner, a question of issue preclusion could arise. Proceeding to trial in this district could result in findings that could have preclusive effect in the Texas litigation without PTI's having participated in the resolution of those issues. On the other hand, the defendant will not suffer any real prejudice if this action is dismissed. Therefore, we shall grant the motion to voluntarily dismiss the action without prejudice and deny the defendants' motion as moot.